This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                             **NO. 34,641**

**DARRELL CASTILLO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Louis P. McDonald, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant contends that there was insufficient evidence to support his conviction for aggravated driving under the influence of intoxicating liquor or drugs (DWI). This Court issued a calendar notice proposing to affirm. Defendant has filed

a memorandum in opposition, which this Court has duly considered. Because we remain unpersuaded by Defendant's arguments, we affirm.

{2} In this Court's calendar notice, we proposed to conclude that Defendant's traffic violation and Defendant's failure to pull over for three miles after the deputy initiated the traffic stop, in combination with observations by the deputy that Defendant was lethargic, had bloodshot, watery eyes, smelled of alcohol, and his refusal to submit to field sobriety tests was sufficient evidence for the jury to have concluded that Defendant operated a vehicle while impaired to the slightest degree. *See State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (stating that substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (internal quotation marks and citation omitted)); *State v. Sanchez*, 2001-NMCA-109, ¶ 9, 131 N.M. 355, 36 P.3d 446 ("The [s]tate can use evidence of a driver's refusal to consent to the field sobriety testing to create an inference of the driver's consciousness of guilt."). We further proposed to conclude that the deputy's testimony that he read the implied consent warning to Defendant and that Defendant declined to submit to chemical testing, was sufficient evidence to support the jury's conclusion that Defendant refused chemical testing.

{3} We also noted that, to the extent Defendant argued that he was not the driver of the vehicle, but that his brother was driving and they switched seats, the deputy

testified that he saw Defendant in the driver's seat as the car sped past him on the opposite side of the road. [DS 3] Thus, we suggested that to the extent Defendant was directing this Court to contrary evidence, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal, because the [fact-finder] is free to reject [the d]efendant's version of the facts." *See State v. Rojo*, 1999-NMSC-001 ¶ 19, 126 N.M. 438, 971 P.2d 829. We also noted that Defendant's argument on appeal asked this Court to reweigh evidence and that such a request is outside the purview of this Court's appellate review. *See State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 ("The reviewing court does not weigh the evidence or substitute its judgment for that of the fact[-]finder as long as there is sufficient evidence to support the verdict."), *abrogated on other grounds by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683.

{4}    In his memorandum in opposition, Defendant does not challenge the sufficiency of the evidence to establish that he was impaired by alcohol or that he refused to submit to chemical testing. [MIO 4] Rather, Defendant asserts that "no rational trier of fact could have found beyond a reasonable doubt that he was driving/operating the car." [Id.] Specifically, Defendant asserts that both he and his brother testified that they switched seats because Defendant's brother had active warrants; that Defendant's brother was driving at the time that the deputy engaged his lights and siren to initiate

the stop for speeding; and, that it was several miles later when the deputy stopped the vehicle to find Defendant behind the wheel. [MIO 4] While Defendant notes that the deputy testified that he saw Defendant driving, Defendant argues that this testimony cannot support guilt beyond a reasonable doubt. [MIO 5]

{5} As we noted in this Court's calendar notice, the flaw in Defendant's argument is that he is asking this Court to reweigh the credibility of the witnesses and conclude that Defendant's testimony and the testimony of another occupant of the car are more credible than the testimony of the deputy. Not only does this Court not reweigh the evidence, but we must "resolve all disputed facts in favor of the [s]tate, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary." *Rojo*, 1999-NMSC-001, ¶ 19. Moreover, as we pointed out in our notice of proposed disposition, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *Id.*

{6} Defendant argues that "evidence equally consistent with two inferences does not, without more, provide a basis for adopting either one—especially beyond a reasonable doubt[,]" *State v. Garcia*, 1992-NMSC-048, ¶ 32, 114 N.M. 269, 837 P.2d 862, and that the testimony in this case required the jury to speculate in order to fill the gaps in the State's proof. [MIO 5] However, as this Court has stated in response

to a similar argument, "[w]hen a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, . . . the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence." *State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393. We therefore decline Defendant's invitation to intrude upon the role of the jury and to overturn its verdict.

{7}     Finally, to the extent Defendant asserts that there is insufficient evidence of actual physical control, we note that no evidence of the *State v. Sims*, 2010-NMSC-027, 148 N.M. 330, 236 P.3d 642, factors is necessary where direct testimony of driving has been provided. "It is only when there are no witnesses to the vehicle's motion that actual physical control is essential to prove DWI at the time an accused is apprehended." *Id.* ¶ 3. Given the deputy's testimony that he saw Defendant driving, there was sufficient evidence to support Defendant's conviction.

{8}     For the reasons stated above and in this Court's notice of proposed disposition, we affirm Defendant's conviction.

{9}     **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

5

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**J. MILES HANISEE, Judge**